

FILED
CLERK, U.S. DISTRICT COURT
AUG 17 2017
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBEFILL INCORPORATED, a Canadian corporation,<br><br>　　　　　Plaintiff,<br>v.<br>ELEMENTS SPIRITS, INC., a California corporation, and KIM BRANDI, an individual,<br><br>　　　　　Defendants. | Case No: 10-CV-2034 CBM (PLAx)<br><br>Hon. Consuelo B. Marshall<br><br>[Proposed] Permanent Injunction Order |

　　　This Court has jurisdiction over the parties and of the subject matter of this action. Venue is proper in this judicial district.

　　　The jury having found for Plaintiff Globefill Incorporated ("Plaintiff") and against Defendants Elements Spirits, Inc. and Kim Brandi (collectively, "Defendants") for using a trade dress for KAH Tequila, namely skull-shaped calavera bottles that were introduced into evidence at the trial as Exhibits 55-58 and 772 (the "KAH Tequila Trade Dress"), in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the parties' goods, specifically with Plaintiff's Crystal Head Vodka trade dress, a skull-shaped bottle covered by the trademark bearing U.S. Registration

No. 4,043,730 (the "Crystal Head Vodka Trade Dress"), in violation of 15 U.S.C. § 1125(a); and having further found that Defendants did so willfully or intentionally, the Court hereby ORDERS, ADJUDGES AND DECREES as follows:

1. Defendants, and each of their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are, subject to the limitations set out within this Permanent Injunction Order, hereby enjoined, in the United States, from:
   a. Manufacturing, distributing, marketing, selling, or offering for sale their KAH Tequila or any other beverage alcohol product in the KAH Tequila Trade Dress;
   b. Manufacturing, distributing, marketing, selling, or offering for sale their KAH Tequila or any other alcohol beverage product which is packaged in a trade dress that is a reproduction, counterfeit, copy or colorable imitation of the Crystal Head Vodka Trade Dress, unless such trade dress is expressly authorized by Plaintiff; and
   c. Expressly or by implication, representing that ~~Defendants or any of their goods, including, but not limited to,~~ KAH Tequila, or any other beverage alcohol production the KAH Tequila Trade Dress are manufactured, approved, authorized, licensed, endorsed, or sponsored by Plaintiff.
2. Non-party importers, distributors, and retailers who do not fall within the scope of paragraph 1 above and who have purchased KAH Tequila on or before March 29, 2017, the date of the jury's verdict in this action, shall not be bound by this Permanent Injunction Order.
3. The scope of this Permanent Injunction Order is limited to the United States.
4. Defendants shall, within 90 days of the date of this Permanent Injunction Order, remove from the United States their unsold inventory

of KAH Tequila in the KAH Tequila Trade Dress.

5. Within 120 days after the issuance of this Permanent Injunction Order, each Defendant is ordered to file with the Court and serve on Plaintiff a certification that it has complied with this Permanent Injunction Order.

6. The Court retains jurisdiction over the parties to enforce this Permanent Injunction Order.

Dated: 8/17/2017

_____
Hon. Consuelo B. Marshall
United States District Judge